**KAVAS, Admrx. etc., Plaintiff-Appellee, v. BARRY et, Defendants-Appellants, ZAWADA, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25144. Decided May 25, 1960.

Payer, Bleiweiss & Crow, for plaintiff-appellee.
Francis E. Picklow, for defendant-appellant, John R. Barry.
Albert L. Reisenfeld, for defendant-appellee.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, PJ, of the Seventh District, sitting by designation in the Eighth District.)

**OPINION**

By HUNSICKER, J.

This is an appeal on questions of law from a judgment entered by the Court of Common Pleas of Cuyahoga County, Ohio, on December 4, 1959. This judgment overruled a motion of John R. Barry to vacate a confirmation of sale of real property, which confirmation was filed on October 5, 1959, with the Clerk of Courts for journalization after approval by the trial court.

The journal entry of confirmation of sale also overruled a prior request by John R. Barry for a stay of the confirmation of sale. A motion and petition to vacate the decree and to withdraw the order of sale was also, by such entry, ordered stricken from the records. An appeal from

this order was perfected. That appeal was thereafter dismissed at the request of the appellant Barry. We are thus interested only in the propriety of the judgment of December 4, 1959, which overruled the motion of appellant Barry to vacate the confirmation of sale.

The land involved in this matter was sold on September 28, 1959, and on October 5, 1959, such sale was confirmed and a deed and writ of possession was ordered to issue to the purchasers.

The paper designated "Defendant's (John R. Barry)—Bill of Exceptions" we will accept as a narrative bill of exceptions. This narrative statement does not contain any evidence which bears upon the problem which we must determine. The basis upon which a judgment of confirmation of sale may be set aside is set out in **Myers, Treas. v. Duibley, 94 Oh Ap 228,** where the court said: "A judicial sale of property at public auction to an innocent purchaser and confirmation thereof may not, in the absence of fraud, irregularity or bad faith, be set aside on the ground of mere inadequacy of the purchase price." See also **Judicial Sales, 32 O. Jur. 2nd, paragraph 97, et seq.**

The proceedings in the instant case were regular on the face of the record. The purchaser apparently relied upon that record and is entitled to be protected in that purchase under the law, especially after the confirmation of sale by the court, the payment of the purchase price and the delivery of the deed to the lands.

The bill of exceptions does not show any lawful grounds for a reversal of the judgment entered by the trial court overruling the motion to set aside the confirmation of sale.

Judgment affirmed.

Exceptions. Order see journal.

DOYLE, PJ, GRIFFITH, PJ, concur.